BASCOMB COVINGTON, JOHN P. COVINGTON, by their Guardian, E. P. COVINGTON, and VIRGINIA COVINGTON *v.* T. C. LEAK & H. C. WALL, Ex'rs. of MIAL WALL.

Where a party has it in his power to establish the truth of any disputed fact, it is his duty to do so.

A Guardian who took a note in October, 1860, with two sureties who were abundantly good, and continued so during the war, cannot be held responsible to his wards, by reason of the parties to said note having become insolvent by the results of the war.

A Guardian who receives a note for $1,100, without taking any security, is guilty of laches, and is accountable to his wards for the amount of such note.

It is not unreasonable to allow five per cent. commissions to a Guardian on his receipts and disbursements, which embraced a large number of receipts and vouchers, commencing in 1857 and ending in May, 1871.

A Guardian is accountable to his wards for a sum of money in the hands of an Administrator appointed in 1857, if such Administrator or his sureties were solvent at the time when the funds ought have been paid to the Guardian, or within the time thereafter, when a judgment could have been obtained upon such administration bond.

Appeal, from the ruling of the Clerk of the Superior Court of Richmond County, heard before *Buxton, J.,* at Spring Term, 1871, of RICHMOND Superior Court.

This was a special proceeding instituted before the Clerk of the Superior Court of Richmond County, for an account and settlement of the estate of the plaintiffs Bascomb, John P. and Virginia Covington, who were formerly wards of Mial Wall, *deceased,* and the defendants, who are his executors. A report of said estate was taken by the said Clerk, and exceptions filed both by the plaintiffs and defendants, and an [appeal taken to the Superior Court.

His Honor found the following facts, as applicable to the exceptions made by the defendants to the account of the Clerk:

1st. Exception, objecting to the charge against them of

$3,830.63, with compound interest from 20th October, 1863, is sustained; it appearing that James A. Covington who administered in 1857 upon the estate of John P. Covington, deceased, the father of the plaintiffs, Bascomb, John P. and Virginia Covington, filed his petition for a settlement in the County Court of Richmond, in 1863, in which proceeding there was a balance ascertained and reported against him on 20th October, 1863, for $3,830.63, and in favor of Mial Wall as guardian of the plaintiffs. This sum was tendered by James A. Covington on that day, in Confederate currency, to Wall who declined to receive it, not so much on account of the character of the money, but because the funds were received by John P. Covington before the late war and in good money.

Under all the circumstances His Honor thought there had not been a want of ordinary diligence necessary to charge the estate of defendant's testator.

Exception 2, objecting to the charge against them of a bond for $150, on E. P. Covington and James A. Covington, dated 12th January, 1859, from date, is overruled. The rent of land for 1859 is entered in the account as a separate item from the bond dated 12th January, 1859. There is no satisfactory evidence that the consideration of the bond was the rent of the land. The impression of the security is offered as proof of the fact The Court thinks there ought to have been positive proof by the oath of the principal, E. P. Covington. There were two bonds charged by the Clerk of $150 each, one dated 12th January, 1859, and the other due 1st January, 1860, when dated does not appear.

Exception 3, to the ruling out as a credit a note for $1,337.46, payable to the defendants' testator as guardian of the plaintiffs against D. B. Nicholson, J. Luther and R. T Slute, dated October 17th, 1860, which the defendants filed and offered to turn over as the property of the plaintiffs, is sustained.

This note appears to have been abundantly good when taken,

continued good during the war, and the makers became insolvent by the results of the war.

Exception 4, to the ruling out as a credit a note under seal for $32.50, payable to defendants' testator as guardian of plaintiffs against W. D. Dawkins and Mial T. Long, payable January 1, 1861, is sustained for reasons given under exception 3.

Exceptions 5, 6 and 7, sustained for reasons assigned under preceding exceptions.

Exception 8, to the ruling out as a credit, a note payable to the defendants' testator, as guardian of plaintiffs against J. C. Ellerbee for $1,286.14, due September 28th, 1860, which defendants filed and offered to turn over as the property of the wards, is overruled. It appearing that this note was received without security, and the guardian failed to have it renewed with security, his Honor thought that defendants' testator thereby guaranteed it himself, and his estate ought to make it good

Exception 9, to all the rulings and to the whole account stated, as being unauthorized, and as not having been taken in the manner prescribed by law, is overruled, for the reasons that the allegations upon which this exception is based, are not sustained by the facts of the case.

The plaintiffs filed an exception to the report of the Clerk, for that he allowed the defendants 5 per cent. commissions on receipts and disbursements throughout the whole account, commencing January, 1857, and ending May 8th, 1871.

To this exception, his Honor thought that under all the circumstances the commissions allowed were not unreasonable, and therefore overruled said exception.

From the rulings of his Honor, the plaintiffs and defendants appealed.

*Ashe,* for plaintiffs.
*Leitch,* for defendants.

COVINGTON *et al. v.* LEAK & WALL, EX'RS.

RODMAN, J. Exceptions of defendants:

1. That their testator is charged with $3,830.80 and interest, being the amount found owing to their testator, as guardian, by James A. Covington, administrator of John P. Covington, by a report made by the County Court of Richmond County, on the 20th of October, 1863, by commissioners appointed by that Court to state an account.

His Honor, the Judge, below sustains this exception, and finds as facts, that on the 20th of October, 1863, the said James, administrator of John P. Covington, tendered the sum found owing by him to Mial Wall, in Confederate money, who declined to receive it, and the said James has since become insolvent, and that under the circumstances, Wall was not guilty of negligence in attempting to make the debt out of the said James. For these reasons he acquits Mial Wall of negligence respecting the debt referred to. If his Honor had embraced in his view all the facts bearing on the point, we should have concurred with him in his conclusion. But it is singular that it escaped his attention, as it seems also to have done that of the counsel in this cause, that James, the administrator, must of necessity have given a bond with sureties, on becoming administrator. We are left entirely in the dark, as to the solvency of his sureties. If they were solvent, surely it was the duty of the executors of Mial Wall to have made good the debt. In this point of view, also, it is worthy of notice, that although a report was made, showing a sum owing by James, as administrator, it does not appear that any judgment was ever rendered on this report. How far this may affect the question, it is not for us to say now. For this reason, the decision of his Honor on this point is not sustained, and the case is remanded, in order that the matters connected with this exception, which have been apparently overlooked, may be inquired into.

2. We concur with his Honor. This exception is overruled.

3. We concur with his Honor. This exception is sustained.

4, 5, 6, 7. We concur with his Honor for the reasons given; these exceptions are sustained.

8. There are no facts stated by his Honor, connected with this exception; and notwithstanding the mass of papers sent up, constituting we suppose the evidence before the Clerk, all of which is impertinent on the appeal to us, we have not found any report of the Clerk, stating the facts relating to the matters excepted to.   It seems that James, the administrator, sometime previous to October, 1863, paid to Mial Wall, two notes on Ellerbee, which together amounted to about $1,100.

The note for $1,286.14, which is filed, and is dated in 1866, it is assumed was taken in renewal of those two. *Prima facie,* the taking of the two notes without surety, was imprudent and unjustifiable.   So was the renewal of them without surety in 1866.   If there were any circumstances to justify such a course and exculpate the guardian, it was for the defendants to have shown them, which they have failed to do.   We concur with his Honor.   This exception is overruled.

9. The Judge below, has found facts which fully justify him in overruling this exception.   We concur with him.   Exception overruled.

Exceptions of the plaintiffs:

That the commissions allowed the guardian are excessive. It does not appear to us that they are so under the circumstances. The exception is overruled.   Of course no commissions are allowed on the claims which have turned out to be worthless.

The case is remanded to the Superior Court of Richmond, in order that the matters connected with the first exception may be inquired into, and for further proceedings.

Neither party will recover costs of the other in this Court. We feel obliged to notice that a large mass of papers, constituting the evidence before the Clerk, have been sent to this Court; they are useless and impertinent.   The Clerk is not allowed any costs for the copy of these papers sent to this Court, unless they were sent by direction of some party; in which case they

must be paid for by the party, but not be taxed as costs in the cause.

Moreover, the papers were confusedly intermingled; they were not paged, nor was there on the margins any such brief statement of the subject of the text, as is necessary. Consesequently the Court was obliged to order its Clerk to arrange and page the papers; for which he is allowed $10, one-half of which must be paid by each party. Said sum shall be deducted in favor of said parties, from any costs which may be taxed in favor of the Clerk of the Superior Court of Richmond, on final judgment.

Let this opinion be certified.

PER CURIAM.